**Irwin EISENSTEIN, Plaintiff–
Appellant,**

v.

**Christie WHITMAN, New Jersey Administrative Office of the Courts, Psi Technologies Inc. (Policy Studies Inc.), Jeb Bush, John Doe, Jane Doe, Defendants–Appellees.**

No. 00–6051.

United States Court of Appeals,
Second Circuit.

Feb. 14, 2001.

Irwin Eisenstein, Brooklyn, NY, pro se.

Michael J. Haas, Assistant Attorney General; George N. Cohen, on the brief, for John J. Farmer, Jr., Attorney General of New Jersey, Trenton, NJ, for appellees Whitman and New Jersey Administrative Office of the Courts.

Sara A. Genzel–Steffen, Assistant Attorney General, for Robert A. Butterworth, Attorney General of Florida, Tallahassee, FL, for appellee Bush.

Andrew W. Loewi, Brownstein Hyatt & Farber, P.C., Denver, CO, for appellee PSI.

Present GRAAFEILAND, CALABRESI and SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION, it is ORDERED, ADJUDGED, AND DE-CREED that the judgment of the district court be and hereby is AFFIRMED.

Irwin Eisenstein appeals from the district court's (Hellerstein, *J.*) dismissal of his suit, under the False Claims Act ("FCA"), 31 U.S.C. § 3729, and 42 U.S.C. §§ 1983, 1985, and 1988 against Governor Jeb Bush, Governor Christine Whitman, the New Jersey Administrative Office of the Courts ("AOC"), and Policy Studies, Inc. ("PSI"). Eisenstein also appeals from the district court's denial of a motion for reconsideration, and moves this court for a writ of coram nobis, for sanctions, and for inclusion in the record of allegedly newly discovered evidence.

As the district court found, Bush, Whitman, and the AOC lack sufficient contacts with New York to establish personal jurisdiction.[1] In addition, because the FCA bars courts from hearing *qui tam* suits based on publicly disclosed information where the plaintiff was not an original source of the information, there is no subject matter jurisdiction over PSI as to the FCA claims. We also agree with the district court that because PSI is not a state actor and did not act under color of state law or as part of a conspiracy, Eisenstein's claims under §§ 1983, 1985, and 1988 must fail. Finally, the district court correctly determined that Eisenstein's allegations of fraud against PSI were wholly conclusory and did not satisfy the heightened pleading requirements for fraud set out in Rule 9(b) of the Federal Rules of Civil Procedure.[2]

Denial of Eisenstein's motion for reconsideration was well within the district court's discretion. *See Devlin v. Transp. Communications Int'l Union*, 175 F.3d 121, 132 (2d Cir.1999) (stating that the standard of review for denial of a motion for reconsideration is abuse of discretion).

We have considered all of plaintiff's arguments, and find them to be without merit. The judgment of the district court is therefore AFFIRMED, and all of Eisenstein's motions to this court are DENIED.

---

1. In the original order, the district court dismissed the claim against Bush for lack of venue. In subsequent orders, however, the court clarified that the claim was dismissed for lack of personal jurisdiction.

2. The district court did not explicitly address Eisenstein's claims against John Doe and Jane Doe. When, however, an action is dismissed as to all defendants who have been served and only unserved defendants "remain," as is the case here, the entry of a final judgment is not precluded "since there is no basis for believing there will be any further adjudications in the action, or ... for holding the dismissals subject to revision." *Leonhard v. United States*, 633 F.2d 599, 608 (2d Cir. 1980).